[Cite as *State v. White*, 2016-Ohio-3440.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27814 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY K. WHITE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 10 3213 (A) |

DECISION AND JOURNAL ENTRY

Dated: June 15, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Larry White, appeals from his conviction and sentence in the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part, reverse in part, and remand.

I.

{¶2} On June 1, 2014, Wayne Douglas moved into a rental home on Arlington Street in Akron, Ohio. Douglas invited his friend, Rachael Kerns, to stay with him until she was able to afford her own place to live. Douglas provided Kerns with a key to the house. It is undisputed that Kerns' name is not on the lease agreement between Douglas and his landlord. However, Kerns would occasionally give money to Douglas to help pay the rent.

{¶3} On October 20, 2014, Douglas informed Kerns that she could no longer stay at his house. Kerns returned her house key to the landlord the next day, October 21, 2014. On the same day that Kerns returned her key to the landlord, Douglas left his house to go to work at

approximately 7:00 a.m.  Douglas spent that night at his sister's house and did not return to his house until roughly 8:00 p.m. on the night of October 22, 2014.  Upon returning to and entering his house, Douglas noticed that the home's interior was cold and observed that a pane of glass to a dining room window was missing.  Douglas also immediately observed that a number of his personal belongings were missing.  Douglas then called the police to report the incident.  Douglas informed the police that he suspected that Kerns was involved in stealing his belongings.  Due to the late hour, Douglas covered the broken window with a board and went upstairs to his bedroom.

{¶4}  At approximately 12:30 a.m. on October 23, 2014, officers of the Akron Police Department stopped a van for a traffic infraction.  The police identified the van's three occupants as Kerns, Brett Hall, and Larry White.  Inside the van the officers observed a number of suspicious items that matched the description of the belongings that Douglas had reported stolen earlier that night.  The officers confiscated the suspicious items and placed Kerns under arrest due to outstanding warrants from an unrelated matter.  The officers, however, allowed Hall and White to leave.

{¶5}  At approximately 2:00 a.m. on October 23, 2014, Douglas was awake in his bedroom when he heard a loud noise emanating from downstairs in his house.  Upon venturing downstairs to investigate, Douglas saw two men in his house, having entered by removing the board from the broken window.  Douglas confronted the two intruders, later identified as White and Hall, and the men fled from the house out the front door.  Douglas recognized one of the men and knew that he drove a tan colored van.  Douglas again called the police and provided them with a description of the intruders as well as the van.  The police quickly located and stopped the van, in which they found a number of Douglas' possessions.  Police officers then

escorted Douglas to the stopped vehicle, where Douglas positively identified Hall and White as being the intruders inside of his home.

{¶6} The Summit County Grand Jury indicted both Hall and White on one count of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony. Both men pled not guilty and were tried together. White was the only witness to testify on behalf of the defense at trial. White testified that Kerns was a tenant of Douglas' house and gave him permission to enter the house on the night in question in order to retrieve some of Kerns' belongings while she was in jail. At the close of trial, the jury returned a guilty verdict to the sole count in the indictment. The trial court sentenced White to four years in prison. White initially filed a notice of appeal, but this Court dismissed the attempted appeal for lack of a final, appealable order because the trial court's judgment entry failed to address restitution. A restitution hearing was held on remand, after which the trial court ordered White to pay $750.00 in restitution.

{¶7} White filed this timely appeal, raising three assignments of error for our review.

II.

**Assignment of Error I**

**The trial court improperly denied trial counsel's request to take judicial notice of Ohio's Landlord-Tenant Law and thus this matter must be remanded.**

{¶8} In his first assignment of error, White argues that the trial court erred by failing to take judicial notice of R.C. 5321.01(D), which defines the term "rental agreement." White asked the trial court to take judicial notice of R.C. 5321.01(D) in order to establish that Kerns was a tenant of Douglas' house, and thus legally able to grant White permission to enter Douglas' house on the night in question. Because White did not properly preserve this issue for appellate review, we disagree.

{¶9} White couches his argument on this point in the terms of Civ.R. 44.1(A)(1), which provides that "[j]udicial notice shall be taken of the rules of the supreme court of this state and of the decisional, constitutional, and public statutory law of this state." However, a thorough review of the transcript reveals that White's trial counsel clearly referenced Evid.R. 201 before the trial court. Additionally, White's trial counsel argued below that Kerns' alleged tenancy was an "adjudicative fact," further supporting the conclusion that Evid.R. 201 served as the sole basis of trial counsel's request for judicial notice. In fact, trial counsel never mentioned Civ.R. 44.1(A) in the trial court. For this reason, White has forfeited all but plain error as to whether Civ.R. 44.1(A) required the trial court to take judicial notice. *See Tarquinio v. Equity Trust Co.,* 9th Dist. Lorain No. 06CA008913, 2007–Ohio–3305, ¶ 19 ("An issue that could have been raised in the trial court, but was not, cannot be considered for the first time on appeal * * *."). Although he has preserved a plain error argument, White has failed to make such an argument on appeal and we likewise decline to fashion one on his behalf and then address it. *E.g., State v. McCrae,* 9th Dist. Summit No. 27387, 2015–Ohio–1803, ¶ 8.

{¶10} White's first assignment of error is overruled.

## Assignment of Error II

**Mr. White suffered from ineffective assistance of trial counsel as his trial counsel substantially violated his essential duties in defending Mr. White, which directly prejudiced Mr. White's defense.**

{¶11} In his second assignment of error, White argues that his trial counsel was ineffective for two reasons. White argues that his trial counsel was ineffective for: (1) failing to raise a Crim.R. 29 motion with regard to the issue of venue; and (2) for having him admit to entering Douglas' house and taking items on direct examination prior to asking the trial court to take judicial notice of Ohio's Landlord-Tenant Law, which the trial court declined to do. With

regard to the second point, White contends that his trial counsel essentially had him admit to certain elements of the charged offense without first establishing his defense that he had permission to enter the house. We disagree on both points.

{¶12} This Court must analyze claims of ineffective assistance of counsel under a standard of objective reasonableness. *See Strickland v. Washington,* 466 U.S. 668, 688 (1984); *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Under this standard, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) that counsel's deficient performance was "so serious as to deprive the defendant of a fair trial[.]" *Strickland* at 687. "To warrant reversal, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. "This Court need not address both prongs of *Strickland* where an appellant fails to prove either prong." *State v. Buzek*, 9th Dist. Medina No. 14CA0011–M, 2015–Ohio–4416, ¶ 5.

{¶13} With respect to White's first argument concerning his trial counsel's failure to raise a Crim.R. 29 motion due to the State's alleged failure to establish venue, we determine that White's contention is without merit. A review of the transcript reveals that the State presented sufficient evidence at trial establishing that Summit County was the proper venue to try White for the burglary of Douglas' house. Specifically, Douglas testified that on the night in question, he resided in a house on South Arlington Street in Akron, Ohio, which is located in Summit County, Ohio. Douglas then testified that White and Hall entered his house without permission

and were later found with a number of his belongings in their van. This unrefuted testimony was sufficient to establish Summit County as the proper venue in this matter. As such, we cannot conclude that defense counsel's failure to move for a judgment of acquittal on the basis of improper venue constituted deficient performance. *See State v. Walker*, 5th Dist. Licking No. 01-CA-00091, 2002-Ohio-5101, ¶ 15 (determining that trial counsel was not deficient for failing to raise issue of venue since "the State had already presented sufficient evidence as to venue.").

{¶14} With respect to White's second argument concerning his trial counsel's tactics, we again reject White's contention that his trial counsel was ineffective. White's sole defense at trial was that Douglas' housemate, Rachael Kerns, was a tenant and gave him permission to enter the house on the night in question in order to retrieve some of her belongings on her behalf, as she had been arrested earlier that night. White contends that trial counsel should have first established that Kerns was a tenant of Douglas' house and therefore legally able to give him permission to enter Douglas' house before having him admit on direct examination that he did indeed enter Douglas' house and remove property that he believed belonged to Kerns.

{¶15} However, the Supreme Court of Ohio has held that trial strategy "must be accorded deference and cannot be examined through the distorting effect of hindsight." *State v. Conway,* 109 Ohio St.3d 412, 2006–Ohio–2815, ¶ 115. Consequently, trial counsel is provided great leeway in making decisions relating to trial strategy because "it is all too tempting for a defendant to second-guess counsel's assistance after a conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland* at 689. The order in which trial counsel presents evidence to build a case on behalf of a client falls squarely within trial counsel's province to dictate trial strategy.

{¶16} We determine that such is the case here. While White's trial counsel elicited testimony where White admitted to entering Douglas' home and removing items, such a concession was central to the defense's theory that Kerns gave him permission to enter Douglas' home. Moreover, White's concession was necessary in order to establish a foundation prior to asking the trial court to take judicial notice of Ohio's Landlord-Tenant Law, especially considering that the State's witnesses all testified that Kerns was never a tenant of Douglas' house. Although the trial court ultimately denied White's request to take judicial notice of R.C. 5321.01(D) and instruct the jury that Kerns was a tenant of Douglas' house, White's testimony alone provided the jury with an alternative theory in this case, which the jury apparently rejected. In sum, we determine that White has failed to meet his burden of demonstrating that his trial counsel's representation in this matter fell below an objective standard of reasonableness.

{¶17} Accordingly, White's second assignment of error is overruled.

### Assignment of Error III

**The trial court failed to conduct a proper restitution hearing in this matter and thus this matter must be remanded.**

{¶18} White advances two arguments in support of his third assignment of error. First, White argues that the trial court failed to hold a proper restitution hearing in this matter. Secondly, White asserts that restitution is not warranted in this case as the victim recovered all of the items that were stolen from his house. We agree with White's first argument that the trial court failed to conduct a proper restitution hearing because White was absent from the restitution hearing without explanation. Accordingly, we do not reach the merits of White's alternative argument.

{¶19} A defendant has a fundamental right to be present at all critical stages of his criminal trial. *State v. Campbell*, 90 Ohio St.3d 320, 346 (2000), citing *Snyder v. Massachusetts*,

291 U.S. 97 (1934); *State v. Hill,* 73 Ohio St.3d 433, 444 (1995). In implementing this right, Crim.R. 43(A)(1) provides that a "defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and *the imposition of sentence*, except as otherwise provided by these rules." (Emphasis added). "R.C. 2929.18(A)(1) allows a trial court to order restitution as part of the defendant's sentence when imposing sentence on a felony." *State v. Hume*, 9th Dist. Summit No. 26201, 2013-Ohio-2668, ¶ 4. Thus, because restitution constitutes part of a defendant's sentence, a criminal defendant has a right to be present at a restitution hearing.

{¶20} Here, the trial court held a restitution hearing on April 7, 2015. However, the record indicates that White was not present for this hearing and the record does not explain White's absence. We will not presume from a silent record that White voluntarily waived his right to be present at the restitution hearing. As such, we determine that the trial court erred by proceeding with the restitution hearing in White's absence. Accordingly, we vacate the trial court's restitution order and remand this matter for a new restitution hearing.

{¶21} White's third assignment of error is sustained.

### III.

{¶22} White's first and second assignments of error are overruled and his third assignment of error is sustained. Thus, the judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part. The trial court's imposition of restitution is reversed. However, White's conviction and the remaining aspects of his sentence are affirmed. This matter is remanded for further proceedings on the issue of restitution that are consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

GREGORY A. PRICE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.